IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENEANA J. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-154-BA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Ms. Turner applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 45-48 (certified Mar. 25, 2008) ("Rec."). The Social Security Administration denied the application[1] and the present action followed. As Ms. Turner alleges, the administrative law judge failed to address multiple complaints and a treating doctor's assessment of an inability to work. Accordingly, the Court reverses and remands for further proceedings.[2]

I.   STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399

---

[1]   Rec. at pp. 4-6, 12, 21, 31-32.

[2]   Ms. Turner also alleges other errors in the administrative law judge's opinion. The Court need not consider these arguments in light of the errors discussed below. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

F.3d 1257, 1261 (10th Cir. 2005). If the administrative decision is based on an incorrect legal standard, reversal is necessary. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

II.   CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the credibility analysis was deficient.

A.   Ms. Turner's Subjective Complaints

Ms. Turner complained of:

- migraine headaches,[3]
- back pain,[4]
- swelling and pain in the hands, legs, and feet,[5]
- colitis,[6]
- heart palpitations,[7]
- sleepiness and fatigue from medications,[8]

---

[3]   Rec. at pp. 51, 54, 67-68, 530, 541.

[4]   Rec. at pp. 49, 51, 53-54, 62.

[5]   Rec. at pp. 62, 527-29.

[6]   Rec. at pp. 68, 530-31, 539-40.

[7]   Rec. at pp. 529-30.

[8]   Rec. at pp. 531-32.

- an ability to sit for only 30 minutes at a time,[9]

- an ability to walk and stand for only 1 hour during an 8-hour workday,[10]

- difficulty in lifting more than 8 pounds,[11]

- an inability to comfortably touch toes due to back pain,[12] and

- a need to elevate the feet for 4-5 hours each day.[13]

B.  Duty to Evaluate the Plaintiff's Credibility

Based on these allegations, the administrative law judge had to decide whether he believed the Plaintiff's characterization of the pain.[14] In doing so, the judge had to "give specific reasons for the weight given to the individual's statements."[15] These reasons were to be "articulated in the determination or decision" and "be sufficiently specific to make clear

---

[9]  Rec. at p. 535.

[10]  Rec. at p. 536.

[11]  When asked how much weight she could "comfortably lift," the Plaintiff testified that she regarded an 8 pound gallon of milk as "pretty heavy." Rec. at p. 536.

[12]  Rec. at p. 537.

[13]  Rec. at pp. 538-39.

[14]  *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[15]  Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[16]

    C.    <u>The Administrative Law Judge's Analysis</u>

The judge recited the standard for evaluation of credibility and acknowledged Ms. Turner's testimony regarding:

- swelling of the hands, feet, and legs,
- heart palpitations,
- migraine headaches,
- colitis,
- sleepiness from medication,
- the need to elevate her feet four to five hours a day, and
- the ability to stand and walk a maximum of one hour in an eight-hour workday.

Rec. at p. 18.

After summarizing the testimony, the judge concluded:

> As to the claimant's allegations of totally disabling pain, her testimony was evaluated and compared with prior statements and other evidence. It is the conclusion of the Administrative Law Judge that the pain experienced by the claimant is limiting but, when compared with the total evidence, not severe enough to preclude all types of work.

---

[16] Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

*Id.* Ultimately, the judge concluded "that the testimony [was] credible only to the extent that it [was] consistent with the residual functional capacity found in this decision." *Id*. at p. 19.

        D.        <u>The Administrative Law Judge Erred in the Credibility Analysis</u>

The credibility analysis was deficient because by the administrative law judge failed to identify the parts of the Plaintiff's testimony that he disbelieved.

The judge apparently believed some of the allegations, as he concluded that Ms. Turner suffered from "limiting" pain. *Id.* at p. 17; *see supra* p. 4. But the judge obviously rejected some of the complaints because he ultimately concluded that the Plaintiff was not "entirely credible." Rec. at p. 17; *see supra* p. 5. Based on the ultimate assessment of residual functional capacity, the judge apparently rejected the Plaintiff's claims concerning her ability to walk, stand, lift, and carry.[17] And he explained his rejection of the complaints regarding heart palpitations due to a lack of supporting objective evidence. Rec. at p. 19. But one cannot tell from the opinion whether the judge believed Ms. Turner's statements concerning:

- pain and swelling in her extremities, which required elevation of feet four to five hours each day,
- migraine headaches,
- colitis, and

---

[17]     The judge concluded that Ms. Turner retained an ability to frequently lift and/or carry up to 25 pounds, occasionally lift and/or carry up to 50 pounds, and stand and/or walk 6 hours in an 8-hour work-day. Rec. at p. 15. But Ms. Turner had testified that an 8-pound gallon of milk was "heavy to [her]" and that she could only walk and/or stand for a total of one hour during an eight hour work-day. *Id.* at p. 536; *see supra* pp. 2-3.

5

- sleepiness or fatigue from the medications.

The administrative law judge did not specify the allegations that he disbelieved. As a result, the Court would have to speculate regarding the Plaintiff's allegations that the administrative law judge had believed and disbelieved. The need for such speculation is fatal.[18]

The ambiguity here is material because the administrative law judge did not appear to include pain, swelling, colitis, migraine headaches, sleepiness, or fatigue in the assessment of residual functional capacity. Instead, the judge simply concluded "that the testimony [was] credible only to the extent that it [was] consistent with the residual functional capacity found in this decision." Rec. at p. 19; *see supra* p. 5. This language does not reveal whether the administrative law judge had believed the complaints involving pain, swelling, colitis, migraine headaches, sleepiness, or fatigue.[19]

---

[18] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred in failing to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *see also Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "[administrative law judge had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict that he found between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The [administrative law judge] must specify what testimony is not credible . . . .").

[19] A similar issue arose in *Crossno v. Chater*, 99 F.3d 1149, 1996 WL 594275 (10th Cir. Oct. 17, 1996) (unpublished op.). There the claimant complained of arthritis, and the administrative law judge found "'that the claimant's testimony [was] credible to the extent that it [was] consistent with a residual functional capacity of light limited by a need to change positions from time to time.'" *Crossno v. Chater*, 99 F.3d 1149, 1996 WL 594275, Westlaw op. at 1. The Tenth Circuit Court of Appeals noted that this "vague and conclusory rationale . . . fail[ed] to specify its relation to plaintiff's arthritis (or anything else) . . . ." *Id.*

The omissions proved significant because the vocational expert had testified that the claimant's description of colitis and migraine headaches "would rule out any competitive work." Rec. at p. 546. The administrative law judge presumably rejected these complaints, but he did not say whether he did or why. As a result, the Court has no discernible way to evaluate the administrative law judge's assessment of credibility on the complaints involving pain, swelling, colitis, migraine headaches, sleepiness, or fatigue.

III.    THE TREATING PHYSICIAN'S ASSESSMENT OF AN INABILITY TO WORK

A treating physician, Dr. Darrell Seelig, stated during the alleged disability period that the Plaintiff was "unable to work because of Health problems." *Id.* at p. 452. The administrative law judge did not discuss this opinion, and the omission constituted a separate error.

The Plaintiff's ability to work involved an issue reserved to the Commissioner.[20] But the administrative law judge still had to consider Dr. Seelig's opinion on the inability to work.[21] The judge failed to do so, and the omission constituted reversible error.[22]

---

[20]    *See* 20 C.F.R. § 416.927(e)(1) & (3); *see also* Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 2 (July 2, 1996) (stating that the issue involving the existence of a "disability," under the Social Security Act, is reserved to the Commissioner).

[21]    *See* Social Security Ruling 96-5p, Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, Westlaw op. at 3 (July 2, 1996) ("opinions from any medical source on issues reserved to the Commissioner must never be ignored"); *see also* 20 C.F.R. § 416.927(e)(1) ("we review all of the medical findings and other evidence that support a medical source's statement that you are disabled").

[22]    *See Lackey v. Barnhart*, 127 Fed. Appx. 455, 457-58 (10th Cir. Apr. 5, 2005) (unpublished op.) (reversing because the administrative law judge had failed to properly evaluate an examining

IV.    SUMMARY

The administrative law judge failed to articulate which of Ms. Turner's subjective allegations he disbelieved and failed to discuss a treating physician's assessment of the ability to work. These errors require reversal and remand for further proceedings.

Entered this 23rd day of September, 2008.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

physician's opinion on an issue reserved to the Commissioner).